ALBANY,
Feb. 1811.

GUERLAIN
v.
COL. INS. CO.

---

## GUERLAIN *against* THE COLUMBIAN INSURANCE COMPANY.

THIS was an action on a policy of insurance on the *cargo* of the schooner *Two Brothers*, from *New-York* to *Charleston, South Corolina.*

The cause was tried at the *New-York* sittings in *April,* 1810.

The insurance was declared by the policy, to be upon the goods specified in the margin, (being *beef, butter, soap, candles, apples* and *potatoes,*) and whereon 1,310 dollars were insured.

The policy also contained the following written clause : " The assurers by this policy take no other risk than general average, and such total loss only as may arise by the absolute destruction of the property." The cargo consisted of iron, hardware, looking glasses, beef, butter, soap, candles, and various other articles.

Insurance on a cargo from *New-York* to *Charleston,* on goods specified in the margin of the policy, to the amount of 1,310 dolls. The policy contain-ed the following written clause ; " The assurers by this policy take no other risk than gene-ral average, and such total loss only as may a-rise by the abso-lute destruction of the proper-ty." The ves-sel was stranded, the day after she sailed, and part of the goods were unladen, and stored at

*Barnegat,* and the residue put on board of a lighter, which was detained from sailing by the ice ; and before the goods stored on shore were sold, and while the lighter was detained, a part of the goods were stolen or lost. Part of the cargo insured, consisted of *beef, butter, candles, soap, apples* and *potatoes,* and the rest of iron and hardware. The invoice cost of the articles insured was 1,194 dollars, and the amount of articles stolen or lost was 332 dollars. It was held that the policy was upon so much of the cargo, as an integral sub-ject, and that the assured could not recover for each article totally lost, there being neither a general average, nor a total destruction of the subject insured.

The vessel sailed from *New-York* the 31st of *December*, 1806. On the 1st of *January*, 1807, she was stranded, in a gale of wind, on *Barnegat Shoals*, near *Sandy-Hook*, and on that day and during the four following days, the cargo was unladen and stored at *Barnegat*, except the iron and two casks, and a box containing looking glasses, &c. which were put on board a sloop to be brought back to *New-York;* the schooner was afterwards wrecked and lost. Part of the cargo, consisting of beef, butter, candles, soap, apples, and potatoes, was sold at *Barnegat*, at public auction, on the 13th of *February*, 1807, and the residue of the beef, butter, potatoes, apples, &c. was lost or stolen.

The sloop on board of which the two casks and boxes of hardware were put, was frozen up at *Barnegat*, and lay there until *April*, when she came up to *New-York*. Part of the iron and of the other articles was stolen.

It appeared that the invoice cost of the whole articles insured was 1,184 dollars and 48 cents, and the cost of the articles lost or stolen at *Barnegat* amounted to 332 dollars and 98 cents.

The whole cost to the assured of the beef, butter, soap, candles, apples and potatoes, covered by the policy, was 641 dollars and 12 cents, and the amount of the sales of those articles at *Barnegat*, was 424 dollars and 29 cents. There was an abandonment for a total loss.

*S. Jones*, jun. and *C. I. Bogert*, for the defendants, contended that the insurers, under the written clause, were not liable, except for a physical total loss, or for general average. That the clause was expressly introduced for the purpose of guarding against all liability for a *technical* total loss, or particular average on the articles insured. It was neither a physical total loss,

or absolute destruction of the whole subject, nor a general average.

*Woods* and *Hopkins*, contra, insisted, that by the enumeration in the margin of the policy, it was intended that the insurers should be liable for each article lost; and whether this loss was occasioned by sinking, or by theft, or in any other way, it could make no difference.

*Per Curiam.* The defendants are entitled to judgment. There was neither a case of general average, nor an absolute destruction of the property, and in no other event were the defendants to be responsible. The idea that for each *item* or article of the cargo which was totally lost, the defendants are liable, is not well founded. The insurance was upon so much cargo as an integral subject. In the *French* policies at *Marseilles* certain perishable articles are declared free of average, general and particular, which means that the underwriter is answerable only for an entire loss of the subject insured. And, therefore, where part of a cargo of wheat has been thrown overboard, in a case of extremity, the insurer has repeatedly been held not to be responsible. (1 *Emerig.* c. 12. s. 45.)

Judgment for the defendants.